UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SHELIA BRUIN-BLAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV419-354 |
| | ) |
| COLLECTRON, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Shelia Bruin-Blake filed this action for damages under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Georgia Fair Business Practices Act, O.C.G.A. 10-1-390. *See* doc. 1 at 1. Defendant Collectron, Inc. filed a handwritten "answer" that asserts that it "cannot afford an attorney," and that the author, Christopher Carter, "do[es] not understand the plaintiff's complaint against [his] company." Doc. 6. Plaintiff moves to strike defendant's answer on the grounds that Mr. Carter, whatever his position with the defendant company, cannot represent the company without an attorney. *See* doc. 8 at 2. Defendant's response to the motion is substantially identical to the "answer." *See* doc. 9.

Plaintiff is certainly correct that longstanding and unequivocal judicial opinion prohibits corporate entities from appearing in Court by any

1

representative other than a licensed attorney. It is "well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *see id.* ("'Corporations and partnerships, by their very nature, are unable to represent themselves and the consistent interpretation of [the federal statute permitting appearance *pro se*] is that the only proper representative of a corporation . . . is a licensed attorney, not an unlicensed layman regardless of how close his association with the . . . corporation.'" (quoting *Turner v. Am. Bar Assn.*, 407 F. Supp. 451, 476 (N.D. Inc. 1975)); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." (citation omitted)).

The Federal Rules of Civil Procedure permit the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff does not articulate how a missive from an interested party qualifies to be stricken under the Rule. *See* doc. 8. Nevertheless, this Court and other

courts in this Circuit have recognized the propriety of striking pleadings by unrepresented corporations. *See New Holland Tire, Inc. v. Dorsey Roadside Rescue, Inc.*, 2010 WL 3276913, at *1-2 (striking unrepresented corporate defendant's answer); *see also, e.g., Re/Max, LLC v. Prop. Professionals of Tampa Bay, Inc.*, 2014 WL 2854991, at * 2 (M.D. Fla. Apr. 22, 2014) ("In the event that [a corporate defendant] files any document, including an answer, without the assistance of counsel the Court will be inclined to strike that submission."). Since Rule 12(f) expressly permits the Court to act "on its own," Fed. R. Civ. P. 12(f)(1), the lack of explicit explanation in plaintiff's motion need not preclude relief that is clearly appropriate.

The Court appreciates Mr. Carter's protestation that he "does not understand the plaintiff's complaint." *See* doc. 6; doc. 9. Despite its sympathy, "even in the case of *pro se* litigants [where pleadings are liberally construed] this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) (quotation and citation omitted). The Court is, therefore, not

able to provide defendant any guidance in how to properly respond to plaintiff's Complaint.

Accordingly, Plaintiff's Motion to Strike is **GRANTED**. Doc. 9. The Clerk is **DIRECTED** to amend the docket to reflect that the previously filed "answer," doc. 6, is, in fact, a letter.  Carter is cautioned that if Collectron, Inc. intends to seek to file a responsive pleading or otherwise defend this case, it must obtain counsel.

**SO ORDERED,** this 25th day of January, 2021.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia